848 F.2d 1245
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jane E. TOBIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3121.
 United States Court of Appeals, Federal Circuit.
 May 12, 1988.
 
 Before RICH, NIES and BISSELL, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB), Docket No. AT08318710537, sustaining the Office of Personnel Management's (OPM), decision on reconsideration to disallow petitioner Jane E. Tobin's application for a survivor annuity, is affirmed.
 
 OPINION
 
 2
 The facts are not in dispute. Petitioner filed an application with the OPM for a survivor annuity as a former spouse of a retired federal employee. Because petitioner had remarried prior to reaching age 55, the OPM disallowed her application. The OPM adhered to this decision on reconsideration. Petitioner requested the Merit Systems Protection Board to review this action, and the MSPB sustained the decision of the OPM.
 
 
 3
 The MSPB did not err in sustaining the decision of the OPM. Petitioner's application for an annuity was made pursuant to the Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615, 98 Stat. 3195 (CSRSEA), as amended by the Federal Employees Benefits Improvement Act of 1986, Pub.L. No. 99-251, 100 Stat. 14 (FEBIA). See also 5 CFR 831.622 (1988). Pursuant to Section 4 of the CSRSEA, a former spouse who remarries before reaching his or her 55th birthday is not entitled to a survivor annuity under the CSRSEA. Petitioner did remarry before her 55th birthday. Therefore, petitioner is not entitled to a CSRSEA survivor annuity.
 
 
 4
 In her informal brief, petitioner states: "I can't see why it mattered that I [re]married before age 55." We sympathize with petitioner's unfortunate circumstances, but the answer is that the statute says it matters. The House Report on the CSRSEA explains the background against which this provision was enacted. One purpose of the CSRSEA was to liberalize the rules as to when former spouses may be entitled to a portion of a federal employee's survivor annuity. The CSRSEA was to apply prospectively only, but as the House Report explains, an exception was made for a small class of former spouses:
 
 
 5
 The bill, generally, does not apply in the case of retirements or divorces before enactment. Under the bill, a small class of former spouses of employees ... who retired or died before the effective date of the Act will be eligible for a special survivor benefit, funded by an appropriation rather than a reduction in the annuity of a retired employee.... To qualify an individual must: (1) have been divorced after September 15, 1978; (2) not have remarried before age 55; (3) have been married during 10 years of creditable service; (4) be age 50 or older; (5) not be entitled to any other pension (other than social security); and (6) apply for the benefit within 2 1/2 years. [Emphasis ours.]
 
 
 6
 House Report No. 98-1054, 98th Cong., 2d Sess. 11, reprinted in 1984 U.S.Code Cong. & Ad. News 5540, 5542. The House Report makes clear that Congress, in creating this exception, intended to benefit a "small class" of former spouses through a "special" survivor benefit, to be paid for not by the former employee's own contributions to a fund, but by an appropriation. The provision dealing with remarriage before age 55 is simply one criterion Congress chose to define this "small class" of "special" beneficiaries. To qualify, the applicant "must ... not have remarried before age 55." The statute itself and the House Report leave no room for discretion on the part of the OPM, the MSPB or this court.